UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
OMAR MEDINA, On Behalf of Himself         Case No.:
And All Others Similarly Situated,

                    Plaintiffs,         **COLLECTIVE AND**
                                         **CLASS ACTION**
        -vs.-                       **COMPLAINT**
                                         **WITH JURY DEMAND**
PROJECT BUILDERS CONSTRUCTION CORP.,
PROJECT BUILDERS GROUP LLC, MAXIE
DEVELOPMENT LLC, BESSIE GIANNOPULOS,
PARIS GIANNOPULOS and WILLIAM MADDEN,

                  Defendants.
--------------------------------------------------------------X

Plaintiff, Omar Medina (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against PROJECT BUILDERS CONSTRUCTION CORP. ("Project Builders Construction"), PROJECT BUILDERS GROUP LLC ("Project Builders Group"), MAXIE DEVELOPMENT LLC ("Maxie Development"), BESSIE GIANNOPULOS ("Bessie") in her individual and professional capacities, PARIS GIANNOPULOS ("Paris") in his individual and professional capacities and WILLIAM MADDEN ("Madden") in his individual and professional capacities (together as Defendants"), alleges upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime

provisions of New York Labor Law ("NYLL") § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (iv) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.    Plaintiff worked for Defendants - construction companies and their owners/managers - - as a carpenter and/or laborer from in or about July 1, 2015 until July 25, 2017. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, at least 51 hours a week.  However, Defendants failed to pay the Plaintiff at the overtime rate of pay of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and the NYLL require.  Furthermore, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

3.    Defendants paid and treated of all their non-managerial employees who worked for them in the same manner.

4.    Plaintiff brings his lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

5.    Plaintiff also brings his lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the

Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

6.      Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

8.      At all relevant times, Plaintiff Omar Medina (hereinafter "Medina" and/or "Mr. Medina") is a resident of the State of New York, resides in Kings County, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9.      At all relevant times herein, Project Builders Construction was and is a domestic business corporation with its principal place of business located at 1501 Broadway, Suite 700, New York, NY 10036.

10.     At all relevant times herein, Project Builders Group was and is a foreign limited liability company with its principal place of business located at 1501 Broadway, Suite 700, New York, NY 10036.

11.     At all relevant times herein, Maxie Development was and is a domestic limited liability company with its principal place of business located at 28-10 38th Avenue, Long Island City, NY 11101.

12.    At all relevant times herein, Defendant Bessie was a resident of the State of New York and had an actual place of residence is located at 150 East 77ᵗʰ Street, Apt. 5D, New York, NY 10075.

13.    At all relevant times herein, Defendant Bessie was the president and/or owner and/or day-to-day overseer of Project Builders Construction, Project Builders Group and Maxie Development.

14.    Prior to the filing of this Complaint, Defendant Bessie was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630 and N.Y. LLC § 609.

15.    At all relevant times herein, Defendant Paris was a resident of the State of New York and had an actual place of residence is located at 30 Knott Drive, Glen Cove, NY 11542.

16.    At all relevant times herein, Defendant Paris was the president and/or owner and/or day-to-day overseer of Project Builders Construction, Project Builders Group and Maxie Development.

17.    Prior to the filing of this Complaint, Defendant Paris was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630 and N.Y. LLC § 609.

18.    At all relevant times herein, Defendant Madden was a resident of the State of New York and had an actual place of residence is located at 51 Pettit Place, Princeton, NJ 08540.

19.    At all relevant times herein, Defendant Madden was the president and/or owner and/or day-to-day overseer of Project Builders Construction, Project Builders Group and Maxie Development.

20.    Prior to the filing of this Complaint, Defendant Madden was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630 and N.Y. LLC § 609.

21.    At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR.  Additionally, Defendants' qualifying annual business exceeded $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, such as wood, metal, cement., materials and tools, much of which originated in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, all of Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

22.    Plaintiff seeks to bring this suit to recover from Defendants their full payment of all unpaid minimum wage and overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for minimum wage compensation that is legally due to them and/or overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

23.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid

the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

24.     At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA

### **RULE 23 CLASS ALLEGATIONS**

25.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on his own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

26.     Under FRCP 23(b)(3), a plaintiff must plead that:

     a. The class is so numerous that joinder is impracticable;

     b. There are questions of law or fact common to the class that

       predominate over any individual questions of law or fact;

     c. Claims or defenses of the representative are typical of the class;

     d. The representative will fairly and adequately protect the class; and,

     e. A class action is superior to other methods of adjudication.

27.     The Rule 23 Class that Plaintiff seeks to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed any work for Defendants as non-managerial employees who: (1) worked in excess of forty hours per week without receiving overtime compensation; and/or (2) were not issued accurate or any pay stubs/wage statements on each payday containing the information that N.Y. Lab. Law § 195(3)

requires; and/or (3) were not issued wage notices at the time of their hire, or at any time thereafter as required by N.Y. Lab. Law § 195(1) ("Rule 23 Plaintiffs").

## Numerosity

28.    During the previous six years, Defendant has employed, in total, at least forty employees that are putative members of this class.

## Common Questions of Law and/or Fact

29.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the minimum wage rate; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

7

## Typicality of Claims and/or Defenses

30.     As described in the background facts section below, Defendants, despite the titles that it assigned to the Plaintiff, employed Plaintiff as a non-managerial, non-exempt employee. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiff minimum wage, overtime, or spread of hours.   Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the statutory minimum wage rate, at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, and spread of hours, and to be furnished with accurate wage statements and wage notices.   Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.   Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.   Thus, Plaintiff's claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## Adequacy

31.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. The Defendants did not pay Plaintiff overtime pay for their hours worked over forty each week, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs.   Plaintiff is no longer employed with the Defendants, and thus has no fear of retribution for his testimony.   Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants'

Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## Superiority

32.     Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

33.     Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

34.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

35.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

### *Defendants Are Joint Employers*

36.     Defendants own and operate construction businesses.

37.     Upon information and belief, funds taken in by each of the corporate Defendants are and were transferred to the other corporate Defendant, as necessary, according to availability, cash flow needs, minimization of tax liability, and for various other management and accounting purposes.

38.     Upon information and belief, income received from each of the corporate Defendants was used to pay various expenses which should, according to generally accepted accounting principles, have been properly allocated to the other corporate Defendant, including, but not limited to employee payroll.

39.     At all relevant times, each of the corporate Defendants share and interchange employees, including Plaintiff, insofar as employees who are employed by one of the corporate Defendants are sent to work for the other when the need arises.

40.     At all relevant times, Defendant Bessie was the owner and day-to-day overseer of Project Builders Construction who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

41.     At all relevant times, Defendant Bessie was the owner and day-to-day overseer of Project Builders Group who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

42.      At all relevant times, Defendant Bessie was the owner and day-to-day overseer of Maxie Development who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

43.     At all relevant times, Defendant Paris was the owner and day-to-day overseer of Project Builders Construction who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees are required to work.

44.     At all relevant times, Defendant Paris was the owner and day-to-day overseer of Project Builders Group who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

45.      At all relevant times, Defendant Paris was the owner and day-to-day overseer of Maxie Development who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

46.     At all relevant times, Defendant Madden was the owner and day-to-day overseer of Project Builders Construction who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

47.     At all relevant times, Defendant Madden was the owner and day-to-day overseer of Project Builders Group who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

48.     At all relevant times, Defendant Madden was the owner and day-to-day overseer of Maxie Development who in that capacity was responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

***Defendants' Failure to Properly Pay the Plaintiffs***

49.     From in or about in or about July 1, 2015 until July 25, 2017, Plaintiff worked for Defendants as a carpenters and general laborer.  Throughout his employment, his job consisted of carpentry work, cement work and window framers.

50.     Throughout his employment, Plaintiff worked six days a week, 7:00 a.m. to 3:30 p.m. Mondays through Fridays, inclusive, and Sundays, for a total of 51 hours per week.

51.     From on or about July 1, 2015 through July 1, 2016, Defendants paid Plaintiff a fixed rate of $200.00 per work day.

52.     From on or about July 2, 2016 through the end of his employment, Defendants paid Plaintiff a fixed rate of $175.00 per work day.

53.     Plaintiff worked more than forty hours in all workweeks in which Defendants employed him.  For example, from April 16, 2017 through April 22, 2017, Plaintiff worked 51

hours and Defendant paid him $175.00 per work day, without paying him the legally-required overtime premiums.

54.     Throughout their entire employment, Defendants paid Plaintiff on a weekly basis, without providing him with any wage statements that reflected the amount of hours that he worked, their regular rate of pay or their overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

55.     Defendants intentionally did not provide Plaintiff with a wage notice at the time of their hire, or at any time thereafter, containing any of the following information: their rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

56.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

57.     Every hour that Plaintiff worked was for Defendants' benefit.

58.     Defendants treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described above.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

59.     Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

60.     Defendants were required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

61.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

62.     As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

63.     The Defendants willfully violated the FLSA.

64.     As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

65.     Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

66.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the NYLL*

67.     Plaintiff sand Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

68.     Defendants were required to directly pay the Plaintiff and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty-four (44) in a given workweek.

69.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

70.     As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty-four (44) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

71.     Due to Defendants' violations of the New York Labor Law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Wage Statements in Violation of the NYLL*

72.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

73.     NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

74.     As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

75.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

76.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

14

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

77.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

78.     The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

79.     Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

80.     Defendants willfully failed to provide Plaintiff and Rule 23 Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

81.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

82.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

83.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

   **WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d.    Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.    Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.    All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

g.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.    Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

      i.     Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

      j.     Pre-judgment and post-judgment interest, as provided by law; and

      k.     Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        November 7, 2018

                        Respectfully submitted,
                        LAW OFFICES OF WILLIAM CAFARO

                        Louis M. Leon (LL 2057)
                        *Attorneys for Plaintiff*
                        108 West 39th Street, Suite 602
                        New York, New York 10018
                        (212) 583-7400
                        LLeon@Cafaroesq.com